**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **VICTOR APODACA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CAUSE NO. EP-24-CV-247-KC-RFC** |
| § | |
| **MARTIN J. O'MALLEY,** § | |
| *Commissioner of Social Security*, § | |
| § | |
| **Defendant.** § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered Plaintiff Victor Apodaca's Objection, ECF No. 14, to United States Magistrate Judge Robert F. Castaneda's Report and Recommendation ("R&R"), ECF No. 13. For the following reasons, the Objection is **OVERRULED**, the R&R is **ADOPTED**, and the decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

**I.   BACKGROUND**

Apodaca appeals the Commissioner's final decision, denying his claim for disability insurance benefits. Compl. ¶ 2, ECF No. 4. Pursuant to Paragraph 2(c) of the Court's May 1, 2012, Standing Order, this case was referred to Judge Castaneda, who issued his R&R on June 4, 2025. Apodaca timely objected. This Order assumes familiarity with the R&R, in which the background is described in much greater detail. *See Roberts v. Mgmt. & Training Corp.*, No. 19-cv-530, 2021 WL 707862, at *1 (S.D. Miss. Feb. 23, 2021) ("The Court . . . is not 'required to reiterate the findings and conclusions of the magistrate judge.'" (quoting *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993))).

## II. DISCUSSION

### A. Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

### B. Analysis

Anderson makes only one objection. Obj. 1–9. As to the portions of the R&R to which Anderson does not object, the Court has reviewed them and finds that they are neither clearly erroneous, contrary to law, nor an abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

Anderson's objection is that the R&R incorrectly concludes that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence because "the ALJ constructed Apodaca's RFC without relying on any medical opinion, after rejecting the only one in the record." Obj. 5; *see also id.* at 1. Apodaca contends that the ALJ should have ordered a consultative examination ("CE") by a medical professional to further develop the record, before assessing his RFC. *Id.* at 8.

On de novo review, Apodaca's argument is unavailing for two reasons, both of which were addressed in the R&R. First, Apodaca incorrectly posits that the law always requires ALJs to agree with and rely on some medical opinion when formulating the RFC. *Id.* In support, he relies on a series of district court decisions finding that "an ALJ 'may not—without opinions from medical experts—derive the applicant's [RFC] based solely on the evidence of his or her

2

claimed medical conditions.'" *Kobrock v. Soc. Sec. Admin.*, No. 23-cv-256, 2023 WL 8370366, at *8 (E.D. La. Dec. 4, 2023) (collecting cases). Notwithstanding *Kobrock's* strong language, the Fifth Circuit has subsequently explained that "[a]n administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment." *Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. Oct. 3, 2024) (citation omitted). In other words, "medical opinions are just one of several categories of evidence that the ALJ considers in making RFC determinations." *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *3 (5th Cir. June 14, 2023) (citing 20 C.F.R. § 404.1513). Thus, the ALJ did not necessarily need to ground the RFC determination in a medical opinion, so long as that determination was supported by substantial evidence. *See Vasquez*, 2024 WL 4381269, at *2.

And Apodaca has not shown that the ALJ's RFC determination was unsupported by substantial evidence. As discussed in greater detail in the R&R, evidence that Apodaca could perform his past work included (1) Apodaca's own testimony that he was prescribed medication that helped relieve his pain, (2) evidence that even without medication he had described his pain at only a three out of ten, and (3) documentation showing that other than the prescription of naproxen, he was not treated for his back condition. R&R 9–10 (citations omitted). The Fifth Circuit has approved of an ALJ's similar reliance on the claimant's testimony and treatment records to make an RFC assessment without a medical opinion. *Vasquez*, 2024 WL 4381269, at *2 ("[W]e agree with the district court that the ALJ was not obliged to seek a medical opinion to assess [the] RFC or develop the record any further."). The cases that Apodaca relies on are inapt—in each, it was necessary to order a CE because the record lacked sufficient evidence to determine the claimant's RFC. *See Hardine v. Kijakazi*, No. 21-60226, 2022 WL 2070399, at *2

3

(5th Cir. 2022) ("[A] CE could have resolved the gaps in the record concerning whether [the plaintiff] suffered from anxiety and depression."); *Kobrock*, 2023 WL 8370366, at *9 ("For example, there is no medical opinion evidence that relates to how [the plaintiff's] frequent and prolonged hospitalizations will affect her ability to sustain work despite her mental impairments."). Here, by contrast, the ALJ's RFC determination was already supported by substantial evidence, without any persuasive medical opinion. *See* R&R 9–10; *Vasquez*, 2024 WL 4381269, at *2.

Second, Apodaca's argument that the ALJ should have ordered a CE falls flat in light of his concession that "the state agency medical consultants believed that a [CE] was necessary but did not order one due to a lack of cooperation on his part." Pl.'s Br. 7, ECF No. 9. Apodaca admittedly "did not complete forms or respond to phone calls and letters." *Id.* The ALJ's duty to develop the record "must be balanced against a claimant's burden of proving disability through Step Four of the disability determination, including the RFC stage." *Vasquez*, 2024 WL 4381269, at *2. Here, as in *Vasquez*, Apodaca was represented by counsel before the ALJ but never pressed for a CE at that stage—instead, he frustrated the state agency medical consultants' efforts to conduct one by failing to respond to their inquiries. *See id.*; Pl.'s Br. 7. Apodaca's counsel even stated at the hearing that the record was complete. R&R 10 (record citation omitted). Such actions "undermine [his] arguments on record sufficiency now." *Vasquez*, 2024 WL 4381269, at *2.

## III.   CONCLUSION

For the foregoing reasons, Apodaca's Objection to the R&R is **OVERRULED** and Magistrate Judge Castaneda's R&R, ECF No. 13, is **ADOPTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

The Clerk shall close the case.

**SO ORDERED**.

SIGNED this 14th day of August, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE